# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 23-cr-152 (SRN/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Jordan Kenneth Edwards, | |
| Defendant. | |

Esther Soria Mignanelli, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; and Ben Tonkin, Trial Attorney, U.S. Department of Justice, 1301 New York Avenue Northwest, Washington, DC 20005 (for the Government); and

James M. Ventura, 1000 Twelve Oaks Center Drive, Suite 100, Wayzata, MN 55391 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the United States of America's ("Government") Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2, ECF No. 21, and Defendant Jordan Kenneth Edwards' Motion for Rough Notes, Logs, and Evidence, ECF No. 31; Motion for Immediate Disclosure of Favorable Evidence, ECF No. 32; Motion for Discovery and Inspection, ECF No. 33; and Amended Motion for Discovery and Inspection, ECF No. 40. A hearing was held on August 18, 2023. ECF No. 39. Esther Soria Mignanelli appeared on behalf of the Government and James M. Ventura appeared on behalf of Defendant.

1

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1.  The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.2, 12.2, 12.3 and 26.2, ECF No. 21, is **GRANTED IN PART** and **DENIED IN PART**.

The Government's motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses. No response was filed by Defendant.

On May 2, 2023, the Court issued its standard arraignment order, setting the deadlines for the disclosure of any testimony the parties intend to use under Rules 702, 703, or 705 of the Federal Rules of Evidence at 28 days before trial for principal expert and 14 days before trial for rebuttal experts. ECF No. 18 at 2. Three days later, the Government filed its motion, proposing 30 days before trial for principal experts and 10 days before trial for rebuttal experts. ECF No. 21 at 2.

At the hearing, the parties agreed to the deadlines set by the Court. Consistent with the Court's prior order, no later than 28 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 14 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

2.  Defendant's Motion for Rough Notes, Logs, and Evidence, ECF No. 31, is **GRANTED**. Defendant seeks the *preservation* of

> all rough notes prepared by law enforcement authorities, including their civilian agents, during the course of the investigation of this case; notes of witness interviews

>   conducted by prosecutors and/or investigating agents; and notes and logs relating to physical surveillance, execution of search warrants, overheard or monitored conversations, interviews of defendants and other investigative activities.

ECF No. 31 at 1. Without conceding discoverability, the Government "does not oppose [this] motion." Gov't Consol. Resp. at 3, ECF No. 37.

3. Defendant's Motion for Immediate Disclosure of Favorable Evidence, ECF No. 32, is **GRANTED IN PART** and **DENIED IN PART**. Defendant moves for an order compelling the Government to immediately disclose evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), among other authorities. The Government states that it "understands, has complied with, and will continue to comply with, its *Brady* and *Giglio* obligations to produce exculpatory evidence to [Defendant]." Gov't Consol. Resp. at 4. The Government states that, "[i]f any additional such evidence comes to the Government's attention, it will be turned over promptly, and sufficiently before trial to enable [Defendant] to make effective use of it." Gov't Consol. Resp. at 4. "The Government objects to [Defendant's] motion to the extent that it goes beyond the requirements of such case law." Gov't Consol. Resp. at 4.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87); *see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically

3

requested the information." (citations omitted)). "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *accord Dones-Vargas*, 936 F.3d at 722; *see Whitehill*, 532 F.3d at 753. "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Defendant's motion is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2 materials. *See United States v. Mazzulla*, 952 F.3d 1091, 1100 (8th Cir. 2019). If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. To the extent Defendant seeks materials that have already been produced, his motion is denied.

    4.    Defendant's Motion for Discovery and Inspection, ECF No. 33, and

Amended Motion for Discovery and Inspection, ECF No. 40, are **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks a laundry list of discovery pursuant to Federal Rule of Criminal Procedure 16, "such other statutory and constitutional rules relating to discovery as may be applicable," and a "Rule 9.01." Defendant's amended motion, filed after the hearing, additionally seeks police reports related to the arrest of Roosevelt T. Fields, the individual being investigated in connection with the search of a residence challenged by Defendant, *see generally* ECF Nos. 34, 41; any warrant for a DNA sample from Fields; logs and chain-of-custody records for the items seized during the search; and all laboratory reports related to the examination of those items.

The Government states that it "has made its Rule 16 disclosures and will continue to supplement its disclosures as additional Rule 16 materials, if any, come into its possession." Gov't Consol. Resp. at 4. "The Government does not oppose this motion to the extent that it requires the Government to continue to comply with its Rule 16 obligations but opposes the motion to the extent that it seeks to impose discovery obligations upon the Government that exceed those imposed by Rule 16." Gov't Consol. Resp. at 4. In its response to Defendant's amended motion, the Government states that "[i]f the[] records [requested] exist and have not previously been disclosed by the Government, the Government will disclose them." ECF No. 42 at 3; *cf.* ECF No. 43 at 1 (noting receipt of additional discovery from the Government).

"Criminal defendants do not have a general constitutional right to discovery." *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000). Some of Defendant's

requests seek items subject to disclosure under Rule 16(a)(1)(A) through (G) of the Federal Rules of Criminal Procedure. *See, e.g.*, ¶¶ 1, 2, 3, 5. At least one request is duplicative of another motion filed by Defendant, *compare* ¶ 15 *with* ECF No. 32; *see also* ¶¶ 12, 17. Another of Defendant's requests is covered by an entirely different rule. *Compare* ¶ 20 *with* Fed. R. Evid. 404(b). Several of the requests seek wholesale information regarding Government witnesses, both testifying and non-testifying. *See, e.g.*, ¶¶ 9, 10, 11, 16. "A federal criminal defendant generally has no right to know about government witnesses prior to trial." *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) (quotation omitted); *see United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971) ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, ... [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)). Other requests seek information which the Government is not otherwise required to disclose absent a proper showing by Defendant and here there has been none. *See, e.g.*, ¶¶ 13-14 (grand jury materials), ¶ 16 (informants); *see, e.g.*, *United States v. Daniels*, 232 F. App'x 611, 612 (8th Cir. 2007); *United States v. Roberson*, 439 F.3d 934, 940 (8th Cir. 2006); *United States v. Alcantar*, 271 F.3d 731, 739 (8th Cir. 2001); *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994). Other information Defendant is not entitled to have in advance. *See* ¶ 22 (Jencks Act materials); *see, e.g.*, 18 U.S.C. § 3500(b); *United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998).

Defendant's motions are granted in part to the extent his discovery requests seek

responsive information subject to disclosure under Rule 16(a)(1)(A) through (F) that remains in the Government's control and has not yet been produced. Defendant's motion is further granted in part to the extent his discovery requests seek discovery and disclosures ordered produced elsewhere in this Order, the Government has agreed to produce, or the Government is otherwise obligated to disclose by law.

And, while the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), Defendant's motion is also granted to the extent he requests that the Government be ordered to produce any responsive information or material subject to disclosure that subsequently comes into the Government's possession, knowledge, or control in a timely fashion.

Defendant's motions are denied in all other respects. *See Johnson*, 228 F.3d at 924. Except as otherwise set forth in this Order or required by law, the Government shall produce the discovery ordered herein as soon as practicable.

5. All prior consistent orders remain in full force and effect.

[Continued on next page.]

6. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: October  27 , 2023

           *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Edwards*
Case No. 23-cr-152 (SRN/TNL)