UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Jordan Kenneth Edwards,<br><br>Defendant. | Case No. 23-cr-152 (SRN/TNL)<br><br><br>**ORDER** |

Ben Tonkin, Department of Justice, 1301 New York Avenue, N.W., Washington, D.C. 20005, and Esther Soria Mignanelli, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for the Plaintiff.

James M. Ventura, Attorney at Law, 1000 Twelve Oaks Center Drive, Suite 100, Wayzata, MN 55391, for the Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Joint Motion for Continuance and Exclusion of Time Under the Speedy Trial Act ("Motion for Exclusion") [Doc. No. 49] filed by the United States and the Defendant Jordan Edwards.

I.  BACKGROUND

On April 26, 2023, the United States charged Mr. Edwards by indictment with three felony counts. (Indictment [Doc. No. 1].) Mr. Edwards moved for extensions of time to file pretrial motions on two occasions, and both times requested that any ensuing delays be excluded from the calculation of time under the Speedy Trial Act. Magistrate Judge Tony N. Leung granted both extensions without objection from the United States, and excluded

1

the time as requested by Mr. Edwards. (*See* May 30, 2023 Order Granting Motion for Continuance [Doc. No. 26]; June 26, 2023 Order Granting Second Motion for Extension of Time [Doc. No. 30].)

On December 12, 2023, this Court scheduled trial in this matter to begin on February 5, 2024. (*See* Trial Notice and Final Pretrial Order [Doc. No. 47].)

On December 29, 2023, the United States and Mr. Edwards jointly filed the present motion, in which they request a continuance of 60 days for the trial date and that the Court exclude the delay from its calculation of time under the Speedy Trial Act. (Motion for Exclusion.) The parties indicate that they have been in communication about a possible resolution to the matter, and that they agree more time is needed to determine whether the case can be resolved prior to trial. *Id*. ¶ 3.

On January 2, 2024, Mr. Edwards's attorney, James M. Ventura, filed a Statement of Facts in Support of Exclusion of Time Under the Speedy Trial Act ("Statement of Facts") [Doc. No. 52]. Mr. Ventura states that, due to the urgency of the matter, he is unable to meet with Mr. Edwards to obtain his signature in person. (Statement of Facts.) Mr. Ventura instead spoke with Mr. Edwards over the phone, and advised him and answered his questions regarding the timing of the case. *Id*. Mr. Ventura advises that Mr. Edwards agrees with the need for additional time to discuss potential plea negotiations with the Government, and that Mr. Edwards believes the parties need more time to discuss the case than the Speedy Trial Act allows. *Id*. Furthermore, Mr. Ventura attests that Mr. Edwards understands his rights under the Speedy Trial Act, which Mr. Ventura has explained to him, and voluntarily makes his request for the exclusion of time. *Id*.

## II.     DISCUSSION

The Speedy Trial Act provides that for any case in which a defendant has pled "not guilty," a trial must commence within 70 days from the later of 1) the filing date of the indictment, or 2) the date of the defendant's initial appearance before a judicial officer of the court where the charges are pending. 18 U.S.C. § 3161(c)(1). Periods of delay shall be excluded from computing the time within which a trial must commence only in certain circumstances set forward under the Act. 18 U.S.C. § 3161(h). For example, the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

No such period of delay is excludable unless the Court sets forward its reasons for its findings. *Id*. The Speedy Trial Act sets forward a number of factors that the Court must consider in determining whether the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial:

1) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

2) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

3) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

4) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)–(iv).

In this case, based on the representations of the parties, the Court finds that the ends of justice served by granting a continuance do outweigh the best interests of the public and of the defendant in a speedy trial. The Court has considered each of the factors set forward in the Speedy Trial Act, and finds that they weigh in favor of excluding the time requested by the parties from the Court's calculation of time under the Act. Specifically, the Court finds that failing to grant such a continuance would be likely to result in a miscarriage of justice, and would deny counsel for both parties the reasonable time necessary for effective preparation.  In addition, the Court is persuaded that Mr. Edwards fully understands his speedy trial rights and waives them by seeking the continuance.

The Court will grant the continuance for 60 days, and will exclude that delay from its calculation of time under the Speedy Trial Act. By the Court's calculation, the parties will have at least 60 days remaining under the Act at the expiration of the continuance. In light of this continuance and exclusion, a new trial date set prior to the end of April, 2024 will satisfy Mr. Edwards's right to a speedy trial.

**III.     ORDER**

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Joint Motion for Continuance and Exclusion of Time Under the Speedy Trial Act [Doc. No. 49] is **GRANTED**.

2. All deadlines in this case are continued for a period of 60 days, and that delay shall be excluded from time calculated under the Speedy Trial Act.

3. The trial setting for February 5, 2024 is canceled. The parties shall appear for trial on **Monday, April 8, 2024**. A new trial notice and final pretrial order will follow.

**IT IS SO ORDERED.**

Dated: January 3, 2024

/s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge

5